[No. 22099. Department Two. March 17, 1930.]

H. E. BAILEY, *Appellant,* v. E. C. MILLER CEDAR LUMBER COMPANY, *Respondent.*[1]

E. E. *Boner,* for appellant.

F. L. *Morgan,* for respondent.

MAIN, J.—This action was brought to recover for a quantity of shingles purchased by the defendant. In its answer, the defendant denied liability and affirmatively pleaded payment by paying the money into court in pursuance of a writ of garnishment. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that no recovery could be had. Judgment was

[1]Reported in 286 Pac. 57.

entered dismissing the action, from which the plaintiff appeals.

The respondent, the E. C. Miller Cedar Lumber Company, is a corporation with its principal place of business in the city of Aberdeen, in this state. The appellant, H. E. Bailey, is engaged in the transfer business in the same city, and owns a small shingle mill located at Quinault lake, about fifty miles distant. In December, 1927, the appellant leased the shingle mill to B. C. Bish and Herbert F. Bailey, who operated the same as a copartnership under the name of Bish & Bailey. Herbert F. Bailey was the son of appellant and was about twenty-eight years of age. The appellant was not a member of the partnership.

Bish & Bailey operated the shingle mill, and in the spring of 1928, about the month of May, sold through one Hackett, a broker, a quantity of shingles to the respondent. These were paid for in due course and are not involved in this proceeding. About this time, Bish & Bailey became financially involved and were unable to pay for logs which they had purchased and for labor employed. The appellant agreed with them that he would advance certain money, providing that all No. 1 Royal shingles when produced should be his property. In pursuance of this arrangement, the appellant advanced approximately $800, and thereafter, as found by the trial court, Bish & Bailey produced 60,000 No. 1 Royal shingles.

About the first of August, 1928, these were sold through the same broker by the appellant to the respondent. The shingles, which at no time had been in the possession of the appellant, were delivered by Bish & Bailey to the port dock, upon space which had been reserved thereon by the appellant. The shingles were found satisfactory by the respondent and were ac-

cepted. In the transaction, the respondent did not come in contact with the appellant, because the transaction was through the broker, Hackett. After the shingles were delivered, and on or about the 12th of August, 1928, the appellant sent to the respondent an invoice for the shingles, in words and figures following:

"Aberdeen, Wash., Aug. 12, 1928.
"E. C. Miller Cedar Lumber Co.
          "To H. E. Bailey Dr.
"Delivered to Port Docks.
"60 M No. 1 Royal Shingles @ $9.50........ $570.00
                    "2%........   11.40

                                  "$558.60."

The secretary and sales manager of the respondent corporation in his testimony admitted having received this invoice in due course. After the invoice was received by the respondent, there was served upon it a writ of garnishment issued upon a personal judgment against Bish & Bailey. The respondent answered this by saying that it had in its possession the sum of $558.60 which it owed to that firm. After the writ of garnishment was served, the money, in pursuance thereof, was paid into the court. Some time later, the appellant, having heard nothing with reference to the matter, inquired of the respondent with reference to the payment for the shingles, and was informed that the money therefor had been paid into the registry of the court in pursuance of the garnishment as above stated. Soon thereafter the present action was brought by the appellant to recover for the shingles.

The facts above stated are those about which there is no serious dispute, or those which were found by the trial court. In one respect we disagree with the findings of the trial court, but for the purpose of this case,

we will accept the findings. It was found that the entire 60,000 shingles were manufactured by Bish & Bailey, but we think the evidence plainly shows that they only manufactured 32,000 thereof, and that the other 28,000 were purchased by the appellant from one R. J. Ultican.

The controlling question is whether the respondent paid the money into the registry of the court without notice that the shingles in fact were owned by the appellant, H. E. Bailey.

Referring to the invoice, the findings of the court recite that the

". . . court finds as a fact that such invoice was not in the form in which it was presented sufficient in fact or in law to put the defendant company upon inquiry as to any interest claimed by the plaintiff in this action."

That recital is not a finding of fact, but a conclusion of the court.

In the respondent's brief, it is stated that there is nothing in this case except disputed questions of fact, but with this we cannot agree. The question rather is whether the trial court drew the proper inference from the invoice. If that did not put the respondent upon notice, it was justified in paying the money into the court on the writ of garnishment issued upon the judgment against the firm of Bish & Bailey, and would have been protected had it paid the money direct to that firm. Laws of 1925, Ex. Ses., p. 367, ch. 142, § 25 (Rem. 1927 Sup., § 5836-25) ; *Flynn v. Garford Motor Truck Co.*, 149 Wash. 264, 270 Pac. 806.

The invoice, which is above set out, in effect, told the respondent that it was indebted to H. E. Bailey, the appellant, in the sum of $570, less a two per cent discount, for 60,000 No. 1 Royal shingles which had been delivered at the port docks. The invoice does not pur-

port in any respect to have come from the firm of Bish & Bailey or from either member of that firm. After receiving this invoice, the respondent was not justified in answering the writ of garnishment to the effect that it was indebted to the firm of Bish & Bailey in the sum of $558.60 without making further inquiry. It seems to us that the invoice was sufficient to put the respondent upon notice, and since it was sufficient for that purpose, the appellant is entitled to recover for the shingles.

It is said that the rule is that, where one of two equally innocent persons must suffer, the one whose act or neglect makes the mistake possible should be that one. This rule, if applied, would not exonerate the respondent from liability to the appellant. It was the respondent's mistake, and not the appellant's, which caused the present situation.

The judgment will be reversed, and the cause remanded to the superior court with directions to enter a judgment in favor of the appellant.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.